Honorable John Ward Arkansas House of Representatives 2705 Donaghey Drive North Little Rock, AR 72116
Dear Representative Ward:
This is in response to your request for an Attorney General Opinion regarding the liability insurance requirements for licensed contractors who perform asbestos removal and disposal work pursuant to Act 394 of 1985. More specifically, you requested that I address concerns raised in a letter sent to you by Mr. Edward O. Moody, an attorney in Little Rock, contending that the Arkansas Department of Pollution Control and Ecology has waived insurance requirements for some contractors when issuing licenses to them.
It is my opinion that Section 5 of Act 394 of 1985 requires the Arkansas Department of Pollution Control and Ecology to establish minimum liability insurance requirements for contractors performing asbestos removal and disposal work, in an amount set by PCE. Section 3 of the Act requires PCE to establish standards and procedures for the licensing of contractors engaged in the removal and disposal of asbestos materials pursuant to the Act. Section 5 of the Act, codified as Ark. Stat. Ann. 82-1948 (Supp. 1985), states in pertinent part as follows:
 (b) The application for license shall be made in the manner and form required by the Department. An application for license, or renewal of a license, SHALL BE ACCOMPANIED BY an application fee and PROOF OF LIABILITY INSURANCE COVERAGE IN THE FORM AND AMOUNT REQUIRED BY THE DEPARTMENT and proof of such training and examination as required by the Department. (emphasis added)
Subsection (c) of this statute states that the Department shall license applicants who satisfy the requirements of the Act. This would include the requirement of liability insurance in the amount established by PCE.
In his letter to you, Mr. Moody indicates that it is his information that PCE has issued some permits for asbestos removal work to entities for whom PCE has waived the insurance requirements stated in the Act. If this is the case, it would appear that PCE is violating the Act by not requiring liability coverage. Section 82-1948(b) clearly states that an applicant for a license must show proof of liability insurance coverage in the form and amount required by the Department. Although the amount of insurance coverage is left to the discretion of the Department, the intent of the Act is that SOME amount of liability insurance shall be carried by the contractor or entity doing the work.
If Mr. Moody's complaint is that in his opinion the amount of liability insurance required by PCE is not adequate, the Act grants to PCE the discretion to determine the amount of insurance which is necessary for a licensee performing this work. It would not be appropriate for me, a member of the General Assembly, or a member of the public to substitute our judgment for that of PCE in this matter.
As one final thought, if the contractors retained to perform removal and disposal work are functioning in the nature of independent contractors, then if someone was injured through the negligence of a contractor in performing the work, the legal liability for such negligently caused injury might well rest with the contractor rather than with the public school or business for whom the contractor is performing removal work. On the other hand, if it were determined that the Act grants PCE enough oversight and control of the contractor's work that the contractor is not in the legal position of an independent contractor, then there might be a potential for a school or other State entity to be responsible for an injury suffered by someone at the hands of a negligent contractor. At any rate, the Act does require some minimum insurance coverage and this is certainly desirable so that the State may be protected as much as possible.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Jeffrey A. Bell.